IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

SHABSI GLICK, individually and on behalf
of all others similarly situated,

           Civil Action No.:

      Plaintiff,

-against-        **CLASS ACTION COMPLAINT**

MIDLAND CREDIT MANAGEMENT, INC.,

      Defendant.

---

Plaintiff, SHABSI GLICK (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through the undersigned attorneys against Defendant MIDLAND CREDIT MANAGEMENT, INC. (hereinafter, "Defendant" or "MCM") individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### NATURE OF THE ACTION

5. Plaintiff brings this action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

### PARTIES

7. Plaintiff is a natural person and a resident of the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its principal office located at 350 Camino De La Reina, Suite 100, San Diego, California 92108.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that

regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to September 09, 2019, an obligation was allegedly incurred to CAPITAL ONE BANK, N.A..

13. The CAPITAL ONE BANK, N.A. obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. The alleged CAPITAL ONE BANK, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. CAPITAL ONE BANK, N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. At some point, CAPITAL ONE BANK, N.A. or a purchaser, assignee, or subsequent creditor contracted the Defendant to collect the alleged debt.

17. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

18. On or about September 09, 2019, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding the alleged consumer debt in an envelope that stated **"TIME SENSITIVE DOCUMENTS"**. *See* **Exhibit A.**

19. The FDCPA unambigously restricts debt collectors from "[u]sing any language or symbol," other than the debt collectors name or address, on the envelope of a debt collection letter. 15 U.S.C. § 1692f(8).

20. As such, by putting the words "TIME SENSITIVE DOCUMENTS" on the debt collection envelope, which is visible to the public, the Defendant violated the FDCPA.

21. The envelope along with the language was intended as a method to communicate with the Plaintiff and resulted in creating a false sense of urgency.

22. The 7th Circuit recently held that the language "TIME SENSITIVE DOCUMENTS" did not create a benign-language exception to the statute, and that this application does not lead to an absurd result nor is ambiguous. *Preston v. Midland Credit Management*, No. 18-3119 at *16 (7th Circuit January 21, 2020).

23. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

24. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

25. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

    a. The class consists of (a) all individuals with addresses in the State of New Jersey (b) to whom Defendant (c) in an attempt to collect a consumer debt that originated with Capital One Bank, N.A. (d) sent an collection letter in an envelope that stated "time sensitive documents" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

26. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect debts.

27. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

28. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibits A,*** violate 15 U.S.C. §§ 1692f.

29. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

30. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

31. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b)   **Common Questions Predominate:** Common questions of law and fact exist as to

all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692f.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

32. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action

is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I
### *Individually and on behalf of all others similarly situated*
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f(8)

36. Pursuant to Section 15 U.S.C. §16928 of the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt;

37. The Defendant violated said provision by:

    a. Using any language or symbol, other than the debt collector's address, on an envelope when communicating with Plaintiff in violation of 1692f(8).

38. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

  (a) Awarding Plaintiff and the Class statutory damages;

  (c) Awarding Plaintiff and the Class costs of this Action, including reasonable attorneys' fees and expenses;

  (d) Awarding pre-judgment interest and post-judgment interest; and

  (e) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 13, 2020

By: /s/ Ari Marcus
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
Ari@marcuszelman.com
*Attorney for Plaintiff*